**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TERRY HARDIN, #14537-076**                                    **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO. 5:07-cv-23-DCB-MTP**

**CONSTANCE REESE, et al.**
**(BRUCE PEARSON)**                                      **RESPONDENTS**

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. On February 8, 2007, Petitioner Hardin, an inmate incarcerated at the Federal Correctional Complex -Yazoo, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After consideration of the Petition [1], Memorandum in Support [2], and Response [5] filed, the Court has reached the following conclusions.

Initially, the Court notes that Petitioner was convicted of unlawful transportation of firearms on August 8, 2003, by the United States District Court for the Western District of Tennessee. *See U.S. v. Hardin*, No. 1:02-cr-10062-JDT-1 (W.D. Tenn. Aug. 13, 2003), *aff'd*, No. 03-6093 (6th Cir. Sept. 29, 2004). As a result, Petitioner was sentenced to serve 120 months in the custody of the Bureau of Prisons (BOP), followed by a four-year term of supervised release. According to the Bureau of Prisons website, the petitioner's release date, actual or projected, is July 16, 2012.

Petitioner is challenging the Bureau of Prisons' interpretation of the 28 C.F.R §§ 570.20 and 570.21 (the 2005 regulations). Petitioner states that the BOP interprets these regulations to categorically limit the placement of inmates into a Residential Re-entry Center (RRC) to those inmates who are serving the final 10% of their term of imprisonment, not to exceed six months,

regardless of the inmates individual circumstances. Petitioner argues that this categorical approach disregards the statutory factors set forth in 18 U.S.C. § 3621(b), which the BOP is required to consider in determining inmate placement. Petitioner complains that he is being refused consideration for immediate placement in a Residential Re-entry Center. As relief, Petitioner is requesting that this Court conduct a hearing "to determine that there is no legal basis for the dial of my request to be immediately placed in to a "RCC" by the administration at FCC Yazoo City," *Pet.* [1] p. 2, and that "this Court [] require respondent to privide (sic) it with written proof of its compliance with the Second Chance Act" prior to determining that the instant civil action is moot, *Resp.* [5] p.2.

Since the filing of this petition, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c) to increase placement in a Community Corrections Center or Residential Re-entry Center to twelve months, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). On October 28, 2008, this Court entered an Order [4], directing the Petitioner to file a written response stating why his petition for habeas relief should not be dismissed as moot in light of the above legislation. In Petitioner's Response [5], he argues that his petition is not moot and should not be dismissed because "(1) [f]ailure of the BOP to provide (as required) by the Second Chance Act, a new regulation explaining how inmates will qualify for the additional halfway house, [and] (2) FCC Yazoo City is still not complying with the intent and purpose of the Second Chance Act." *Resp*. [5], pp. 1-2. For the following reasons this Court is not persuaded by the Petitioner's argument.

Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. *Bailey v. Southerland*, 821 F.2d 277, 278

(5th Cir. 1987). This Court is obliged to raise the subject of mootness *sua sponte*. *Id*. As stated above, subsequent to Petitioner's request for habeas relief, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008); therefore, the challenged regulation has been superseded by a new regulation and "the issue of the validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) *(per curiam)*(quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) *(per curiam)*). *See also Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir.1988)(dispute resolved because of changed circumstances considered moot).

The Petitioner is challenging 28 C.F.R §§ 570.20 and 570.21 (2005 regulations), which "have been 'effectively erased' by the Second Chance Act." *John v. Berkebile*, 2008 WL 2531430, *2 (N.D. Tex. 2008) (*citing Coal. of Airline Pilots Assocs. v. FAA*, 370 F.3d 1184, 1185-91 (D.C. Cir. 2004) (dismissing as moot a case challenging certain FAA regulations where the regulations were "effectively erased" following the enactment of new federal law)). Since the enactment of the Second Chance Act, there are no facts presented by the Petitioner to indicate that the BOP follows the regulations complained of by the Petitioner; therefore, this petition is rendered moot. Further, as to Petitioner's assertion that respondents will continue in the same manner as was done prior to the Second Chance Act, the Court of Appeals for the Fifth Circuit has held that "the mere possibility of future consequences is too speculative to give rise to a case or controversy." *Bailey* at 279. (*citing Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d. 849, 850 (11th Cir. 1984)). As stated above, this Court can no longer grant the remedy requested by the Petitioner, thus dismissal of the instant petition is warranted.

## CONCLUSION

For the foregoing reasons, Petitioner's request for habeas relief is moot. Therefore, this case will be dismissed, with prejudice. A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

SO ORDERED this the   26th    day of  June      , 2009.

                              s/David Bramlette
                              UNITED STATES DISTRICT JUDGE